IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NAVDEEP BRAR,

        Petitioner,                              ORDER

    v.                                           3:17-cv-790-wmc

DAVID MAHONEY,

        Respondent.

---

NAVDEEP BRAR,

        Petitioner,                              ORDER

    v.

CHIP MEISTER,                                     3:17-cv-819-wmc

        Respondent.

---

Petitioner Navdeep Brar has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two criminal convictions for Operating While Intoxicated ("OWI"). He is represented by counsel in both proceedings. Along with his petitions, Brar filed motions to stay the penalties for each conviction. (No. 3:17-cv-790 (dkt. #5); No. 3:17-cv-819 (dkt. #3).) After conducting a preliminary review, Magistrate Judge Stephen Crocker ordered a response to both petitions, including whether respondents oppose Brar's request for a stay. The respondents subsequently indicated that they did not object to the stay of Brar's penalties pending the outcome of his petitions, although Meister questioned whether he was properly named a respondent to Brar's

1

petition. This order grants Brar's motions for a stay and addresses the question of the proper respondent to both petitions.

I. **Motions for Stay**

Under 28 U.S.C. § 2251(a)(1), this court may "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." The United States Supreme Court has explained that this statute "does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court." *McFarland v. Scott*, 512 U.S. 849, 858 (1994). Generally, courts consider the following factors in deciding whether to grant a motion to stay under § 2251 in non-capital cases:

(1) Are substantial claims set forth in the petition?

(2) Is there a demonstrated likelihood the petition will prevail?

(3) Are there extraordinary circumstances attending the petitioner's situation which would require the grant in order to make the writ of habeas corpus effective.

*Gorak v. Tatum*, No. 14-cv-1411, 2015 WL 1167610, at *2 (E.D. Wis. Mar. 13, 2015). In considering these factors, the court also bears in mind the principles of equity, comity and federalism. *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017).

Brar has argued none of these factors, and a stay of penalties associated with each criminal conviction is rarely granted. On balance, however, the court concludes that the applicable factors favor the entry of a stay here.

> Judge Crocker outlined the issues that Brar is pursuing in his petitions:
>
> Brar repeats his Fourth Amendment claim for relief that were addressed by the Wisconsin courts and adds a Fourteenth Amendment due process claim. Specifically, in Case No. 17-cv-790-wmc, he challenges the constitutionality of his conviction in *State v. Brar*, Case No. 2014CT776 (Dane Cty. Cir. Ct. Apr. 3, 2015), on two grounds: (1) the Wisconsin Supreme Court violated his Fourth Amendment rights and failed to give him a full and fair hearing in state court by failing to adopt a clear standard for voluntary consent to a blood draw pursuant to an OWI arrest; and (2) his Fourteenth Amendment rights to due process were violated by the Wisconsin Supreme Court's failure to give fair notice as to what constitutes consent to a blood draw upon arrest for OWI. Similarly, in Case No. 17-cv-819-wmc, Brar argues that his OWI conviction in *State v. Brar*, 2014CT273 (Sauk Cty. Cir. Ct. Sept. 28, 2015), violated his Fourth Amendment right to a constitutionally reasonable manner and place of a blood test to have an EMT conduct the blood draw in a jail, and that the state violated Brar's Fourteenth Amendment due process rights in failing to require a physician who supervised blood draws to appear at the motion to suppress hearing pursuant to a subpoena.
>
> ….
>
> Although Brar's Fourth Amendment claims appear to run squarely into the bar imposed by *Stone v. Powell*, 428 U.S. 465, 494 (1976) (federal court is barred on habeas review from reaching merits of petitioner's Fourth Amendment claim so long as state court granted him a full and fair hearing on the claim), Brar argues that the bar does not apply to him because the state courts denied him a full and fair hearing on his claims. Although this is a high bar [for] Brar to clear, I cannot say that it is plain from the petition that Brar will be unable to do so or that he cannot obtain relief on his underlying Fourth Amendment claims. Accordingly, the state shall be ordered to respond to Brar's Fourth Amendment claim, and because it appears that Brar's Fourteenth Amendment arguments are tied into the Wisconsin courts' analyses of his Fourth Amendment claims, I will order a response as to that claim as well.

(Dkt. #4, at 2-4.)

As to the first factor, this court is unable to find the constitutional claims Brar raises are substantial. On the contrary, given the bar under *Stone v. Powell* the petitioner's

dubious claims of denial of a full and fair hearing are colorable at most.

As to the second factor, it is not apparent that Brar will succeed on his claims for the same reasons as Judge Crocker already observed. However, Judge Crocker also rightly concluded that Brar had submitted enough information and argument to create a legitimate question as to whether his convictions violated his Fourteenth and Fourth Amendment rights, or at least one that is non-frivolous. While at this stage it is not apparent at all that Brar will actually succeed on his claims in his petitions, his theories present sufficient legal questions that this factor tends to militate slightly in favor of a stay or is neutral.

In contrast, the third and final factor militate's strongly for a stay. Brar was only sentenced to 110 days in jail in the Dane County case, and 45 days in jail in the Sauk County case, to run consecutive to his previous sentence. If Brar were required to begin serving his sentences during the pendency of his petitions in this court, he would likely end up serving the entirety of both sentences before the court resolves them. This is no doubt why neither respondent objected to the proposed stay, and the publicly available docket sheets of both criminal proceedings suggest that both presiding judges have also agreed to a stay of further state proceedings while Brar pursues federal habeas relief in this court. *See State v. Brar*, Case No. 2014CT776 (Dane Cty. Cir. Ct. Apr. 3, 2015), and *State v. Brar*, Case No. 2014CT273 (Sauk Cty. Cir. Ct. Sept. 28, 2015), *available at* https://wcca.wicourts.gov (last visited Jan. 5, 2018). Therefore, the court will exercise its discretion and stay Brar's penalties in his criminal cases pending resolution of the petitions here. *See Puchner v. Kruzicki*, 918 F. Supp. 1271, 1273 (E.D. Wis. 1996) (granting stay of

4

60-day contempt of court sentence pending resolution of petition brought in federal court pursuant to § 2254).

## II. Proper Respondents

While not framed as a motion, the other issue before the court at this point is respondent Meister's status as the named respondent in Case No. 17-cv-819. Because Brar is not in custody, Meister argues that under either of the challenged criminal convictions, the court should add the Wisconsin Attorney General as a respondent to both petitions. *See* Rule 2(b) of the Rules Governing Section 2254 Cases ("If the petitioner is not yet in custody – but may be subject to future custody – under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."). However, Rule 2(a) provides that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) applies here.

While Brar is not currently being held in jail, he is nevertheless technically "in custody" within the meaning of the habeas corpus statute, 28 U.S.C. § 2241(c)(3), because he is currently subject to the terms of his state court bond that limits his freedom of action. *See Hensley v. Municipal Court*, 411 U.S. 345 (1973). As such, Brar correctly named as respondents the two sheriffs charged with overseeing the two jails in which Brar has been sentenced to serve his time, since as sheriffs, they are the officers with the ultimate

5

authority to order Brar into (or out of) custody. *See Murillo v. Dep't of Homeland Sec.*, No. 15-cv-5082015 WL 777791, at *2 (E.D. Wis. Dec. 2, 2015) (proper respondent in habeas proceeding is the person who can exercise legal control over the challenged "custody") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004)); *Reimnitz v. State's Attorney of Cook Cty.*, 761 F.2d 405, 408 (7th Cir. 1986) ("Whoever operates the local jail (the Sheriff [] in this instance) has potential custody, which would ripen into actual custody if the accused violated the terms of bail and was recommitted."). Because Brar is ultimately subject to Meister and Mahoney's authority, they are the proper respondents to Brar's habeas petitions, and the court is declining to add the Wisconsin Attorney General as another respondent to either petition.

ORDER

IT IS ORDERED that Brar's motions to stay the penalties of each conviction (No. 3:17-cv-790, dkt. #5; No. 3:17-cv-819, dkt. #3) are GRANTED, and the sentences in Brar's two criminal cases (2014CT273 and 2014CT776) are hereby STAYED during the pendency of these proceedings, or until further order of this court.

Entered this 5th day of January, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge